# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ROOSEVELT CANNADY                                                              PLAINTIFFS

V.                                    NO. 3:18-cv-221 JM

SAVINGS OIL COMPANY;
FEDERATED INSURANCE;
DODGE'S STORE; JAMES DANIELS,
f/d/b/a ABC Contracting Services;
and EFRAIN BOLANOS,
f/d/b/a Bolanos Remodeling Services                                            DEFENDANTS

## ORDER

1. Cannady's motion to proceed *in forma pauperis* (ECF No. 1) is granted.[1]

2. The Court has screened Cannady's amended complaint (ECF No. 5) as required by 28 U.S.C. §1915(e)(2) and finds that he also fails to state a claim in this amended pleading. A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the complaint must simply "'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content

---
[1] The motion was previously granted by Judge Marshall, ECF No. 3, but subsequently vacated when he recused.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While it appears that Cannady is intending to state a negligence claim for bodily injury (ECF No. 5, p. 3), he lists multiple defendants but fails to allege sufficient details to put the multiple defendants on fair notice of what they are alleged to have done wrong.

Furthermore, his claim is barred by the statute of limitations. The date of his injury was on April 2, 2015. He originally filed a lawsuit on April 12, 2016 (Case No. 3:16-cv-102-BSM). That lawsuit was dismissed without prejudice on March 30, 2017. The statute of limitations for personal injury in Arkansas is three years. A.C.A. § 16-56-105. Under Arkansas' saving statute, if an action is timely filed and the action is voluntarily dismissed without prejudice, the plaintiff may commence a new action within one year after the nonsuit. *See* Ark. Code Ann. § 16-56-126(a)(1); *see also Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). The present action, filed on November 20, 2018, is outside both the three-year statute of limitations and the one year tolling provided by the savings statute. Therefore, this case with prejudice to refiling.

A separate judgment will be entered.

It is so ordered, this 23rd day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE